```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:
                                                                                   14-MD-2543 (JMF)
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION
                                                                                   MEMORANDUM OPINION
This Document Relates To:                                                              AND ORDER
Fleck, et al. v. General Motors LLC, 14-CV-8176
------------------------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2015

JESSE M. FURMAN, United States District Judge:

**[Regarding Plaintiff's Fifth Motion *in Limine*]**

       The first bellwether trial in this multidistrict litigation ("MDL"), brought by Plaintiff Robert S. Scheuer and familiarity with which is presumed, is scheduled to begin on January 11, 2016.  (*See* Docket No. 1694).  The parties have filed almost thirty motions *in limine*, most of which the Court has already decided.  This opinion addresses Plaintiff's Fifth Motion *in Limine*, which seeks an advanced ruling on the admissibility of the September 16, 2015 Deferred Prosecution Agreement ("DPA") between New GM and the Department of Justice ("DOJ"), in which New GM (among other things) consented to the filing of an information charging it with two federal crimes, agreed to forfeit $900 million, and stipulated to a detailed Statement of Facts (the "SOF").  (*See* Mem. Law Supp. Pl.'s Mot. *In Limine* No. 5 (Docket No. 1732) ("Pl.'s Fifth Mem.") 1-2; New GM's Opp'n Pl.'s Mot. *In Limine* No. 5 (Docket No. 1829) ("New GM's Fifth Opp'n.") 3-4).  The DPA actually consists of five documents, the actual agreement letter between New GM and DOJ (the "agreement letter"), and four exhibits to the agreement letter: a resolution by the General Motors Company Board of Directors granting New GM's lawyers authority to enter the DPA (Exhibit A); the criminal information (Exhibit B); the SOF (Exhibit C); and a verified civil forfeiture complaint (Exhibit D).  (*See* Pl.'s Fifth Mem., Ex. 1).

As a threshold matter, it is somewhat unclear whether Plaintiff seeks permission to introduce all five documents or just the SOF.[1]  To the extent that he seeks permission to introduce documents other than the SOF, however, the motion is without merit.  The agreement letter, the Board resolution, the criminal information, and the verified civil forfeiture complaint have limited or no relevance to facts that are "of consequence in determining the action."  Fed. R. Evid. 401; *see also* Fed. R. Evid. 402.  Moreover, to the extent that they have any probative value, any such value is substantially outweighed by the dangers of, among other things, unfair prejudice, confusion of the issues, and wasted time.  *See* Fed. R. Evid. 403.  Introduction of those documents could, for example, invite the jury to impermissibly base its verdict on the fact that New GM was the subject of criminal proceedings.  *See, e.g.*, *United States v. Pepin*, 514 F.3d 193, 206 (2d Cir. 2008) (holding that the district court properly excluded evidence where there was a danger that it would "inflame the passions of the jurors" (internal quotation marks omitted)); *United States v. Modica*, 663 F.2d 1173, 1180 (2d Cir. 1981) ("No trial — civil or criminal — should be decided upon the basis of the jurors' emotions.").  Additionally, if those documents were admitted, New GM would be compelled "to explain the circumstances surrounding the resolution of the criminal investigation, the DPA's various terms and conditions, and New GM's agreement to pay a $900 million penalty" (New GM's Fifth Opp'n 6), all of which would be a sideshow to the main event.  *See, e.g.*, *United States v. Crowley*, 318 F.3d 401, 418 (2d Cir. 2003) (affirming the district court's exclusion, during cross-examination, of a

---

[1] The ambiguity arises from the fact that neither party is disciplined in its use of the term "DPA" and whether it is distinct from, equivalent to, or encompasses, the SOF.  (*See, e.g.*, Pl's Fifth Mem. 4 (stating that the "*DPA* is plainly admissible" because "it contains nothing but non-hearsay admissions by New GM" and then stating, later in the same paragraph that "New GM explicitly admit[ted] each and every fact in the *Statement of Facts*" (emphases added))).

"broad-ranging inquiry [that] would at best have produced confusing and distracting sideshows"); *Luitpold Pharm., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, No. 11-CV-681 (KBF), 2015 WL 5459662, at *16 (S.D.N.Y. Sept. 16, 2015) (excluding evidence that "is a sideshow").  Accordingly, Plaintiff may not admit the agreement letter, the Board resolution, the criminal information, and the verified civil forfeiture complaint at trial.

As New GM concedes, however, the SOF is different, as it is indisputably a statement by New GM, *see* Fed. R. Evid. 801(d)(2)(A), and contains admissions about the ignition switch defect, New GM's notice and knowledge thereof, and New GM's failure to address the defect that are highly relevant to facts of consequence at trial.  (*See, e.g.*, New GM's Fifth Opp'n 10 ("New GM acknowledges that some individual facts in the SOF may be relevant to plaintiff's claims."); *id.* at 10 n.3 (noting that New GM does not assert a hearsay objection to the SOF)).[2] Thus, the parties' disputes with respect to the SOF are narrower.  First, they disagree about whether all (or nearly all) of the SOF or only portions thereof are admissible.  Specifically, New GM argues that three "categories" of facts in the SOF should be excluded: facts relating to pre-owned vehicles (paragraphs 10 and 111-14 of the SOF), facts relating to other incidents or accidents ("other similar incidents" or "OSIs") (paragraphs 45-49, 62, 76, 83, and 90-92), and facts relating to the criminal cases of Candice Anderson and Lakisha Ward-Green (paragraph

---

[2] Of course, which facts are "of consequence at trial" will turn, in part, on whether Plaintiff may seek punitive damages and what "other similar incident" ("OSI") evidence Plaintiff is allowed to introduce — questions that the Court will decide in connection with New GM's summary judgment motion, New GM's Amended Seventh Motion *in Limine*, and Plaintiff's motion with respect to OSI, all of which will be fully briefed on December 21, 2015.  (*See* Mem. Supp. New GM's Mot. Summ. J. (Docket No. 1811); New GM's Am. Mot. *In Limine* No. 7 (Docket No. 1800); Pl.'s Mem. Law Regarding Other Similar Incidents (Docket No. 1833)). Needless to say, the Court's ruling here is subject to modification — or even reconsideration — as appropriate in light of the parties' motions that are not yet decided (or fully briefed).

3

45).  (*Id.* at 10).  In light of this Court's prior ruling on evidence and argument relating to the criminal cases, Plaintiff does not oppose New GM's argument with respect to the last category (and thus consents to redaction of one sentence in paragraph 45 of the SOF), but argues that the other categories are relevant to punitive damages, notice, and causation.  (Reply Supp. Pl.'s Mot. *In Limine* No. 5 (Docket No. 1855) ("Pl's Fifth Reply") 1-4).  With the caveat that the Court has yet to decide whether Plaintiff may seek punitive damages and whether, or to what extent, OSI evidence is admissible, *see supra* note 2, the Court agrees, substantially for the reasons stated by Plaintiff.  (Pl's Fifth Reply 1-4).  Accordingly, New GM's objections are overruled.

       The parties' only other dispute concerns how New GM's admissions in the SOF should be presented to the jury.  Perhaps because of the ambiguity with respect to whether Plaintiff seeks to offer only the SOF or the SOF in conjunction with the rest of the DPA, New GM argues that the "facts should be presented to the jury by way of a document other than the SOF document itself, either using New GM's Responses to the Requests for Admission . . . served by the plaintiffs" (which "tracks the SOF almost word-for-word") or "a new document to be created by the parties following a meet-and-confer."  (New GM's Fifth Opp'n 11 & n.4).  Plaintiff argues that the SOF "should be admitted as drafted" — subject to redaction of the one sentence in paragraph 45 discussed above and any other redactions required by the Court.  (Pl.'s Fifth Reply 5).  Unless the Court later rules that substantial portions of the SOF need to be excluded, Plaintiff has the better of that argument too.  The SOF itself neither refers nor alludes to the DOJ investigation or the criminal proceedings, so — contrary to New GM's contentions — there is no danger of introducing "irrelevant and prejudicial content."  (New GM's Fifth Opp'n 11).  And unless the Court later rules that significant portions of the SOF need to be excluded — in which case, it may be cleaner and easier to create a separate standalone document — there is no reason

to require the parties to do additional work when the SOF itself will do.  Put simply, the SOF contains New GM's own admissions, and Plaintiff is entitled to use it.

That said, the Court reserves judgment on whether admission of the SOF would be cumulative, *see* Fed. R. Evid. 403, in light of the other evidence Plaintiff intends to offer at trial, including any portions of the Valukas Report and the National Highway Traffic Safety Administration ("NHTSA") *Path Forward* Report, the congressional testimony of New GM's Chief Executive Officer and former General Counsel, the NHTSA Consent Order, witness testimony, and other evidence at trial.  *See In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 8578945 (S.D.N.Y. Dec. 9, 2015) (addressing the Valukas Report and the NHTSA *Path Forward* Report); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 7769524 (S.D.N.Y. Nov. 30, 2015) (addressing the NHTSA Consent Order).  In addition, the Court will give New GM another opportunity to raise Rule 403 objections with respect to the SOF — that is, targeted objections to specific sentences or paragraphs (mindful that it already had an opportunity to raise, and did raise, objections at the "categorical" level).  The parties shall meet and confer with respect to any such objections — and proposed redactions to address them — and raise any disagreements with the Court in the simultaneous letter briefs to be filed (pursuant to the Court's opinion addressing the Valukas Report and the NHTSA *Path Forward* Report) by **December 23, 2015**.

For the foregoing reasons, Plaintiff's Fifth Motion *in Limine* is GRANTED in part and DENIED in part.  More specifically, unless the Court rules otherwise on cumulativeness grounds (or in light of any later ruling), Plaintiff may admit the SOF at trial, with the penultimate sentence of paragraph 45 (and any other portion or portions as to which the Court later sustains a Rule 403 objection) redacted.  Plaintiff may not admit any other portion of the DPA.

The Clerk of Court is directed to terminate 14-MD-2543, Docket No. 1731.

SO ORDERED.

Dated: December 16, 2015
      New York, New York

                                      JESSE M. FURMAN
                                      United States District Judge