```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:
                                                                           14-MD-2543 (JMF)
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION
                                                                           MEMORANDUM OPINION
This Document Relates To:                                                       AND ORDER
Fleck, et al. v. General Motors LLC, 14-CV-8176
------------------------------------------------------------------------x
```

JESSE M. FURMAN, United States District Judge:

**[Regarding New GM's Nineteenth Motion *in Limine* and a Factual Error in the Court's Ruling on New GM's Sixteenth Motion *in Limine*]**

The first bellwether trial in this multidistrict litigation ("MDL"), brought by Plaintiff Robert S. Scheuer and familiarity with which is presumed, is scheduled to begin on January 11, 2016.  (*See* Docket No. 1694).  The parties have filed twenty-eight motions *in limine*, almost all of which the Court has already decided.  This Opinion addresses New GM's Nineteenth Motion *in Limine*, which seeks to preclude two anonymous letters written to the company's Board of Directors in June 2014 (a few weeks *after* Plaintiff's accident) as well as two reports prepared by outside law firms in connection with the letters.  (*See* Mem. Law Supp. New GM's Mot. *In Limine* No. 19 (Docket No. 1806) ("New GM's Nineteenth Mem.") 1).  In addition, it addresses a factual error in the Court's Opinion and Order resolving New GM's Sixteenth Motion *in Limine*.  *See In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 8270427, at *1-2 (S.D.N.Y. Dec. 7, 2015).

New GM's Nineteenth Motion *in Limine* seeks to preclude the anonymous letters and lawyer reports on the ground that they are hearsay, substantially more prejudicial than probative, and — in the case of the letters — cannot be authenticated because their authors are unknown.  (New GM's Nineteenth Mem. 1).  In response, Plaintiff indicates that he does not intend to

introduce the lawyer reports and that he offers the letters, not "for the truth of the matters asserted therein, but rather to show the effect of the letters on the recipients at GM." (Pls.' Mem. Law Opp'n General Motors LLC's Mot. *In Limine* No. 19 (Docket No. 1868) 1). Although Plaintiff is correct that, if used for that purpose, the letters would not be hearsay, *see* Fed. R. Evid. 801(c) (defining hearsay as an out-of-court statement offered "to prove the truth of the matter asserted in the statement"); *see also United States v. Gotti*, 457 F. Supp. 2d 395, 397 (S.D.N.Y. 2006), the effect of the letters on the recipients at New GM two months after Plaintiff's accident has limited or no relevance to the issues in this trial, which pertain primarily (if not exclusively) to whether or to what extent Plaintiff's injuries were caused by the ignition switch defect and to New GM's concealment of that defect in the years prior to Plaintiff's accident. (Indeed, Plaintiff's decision not to offer the lawyer reports is an implicit concession that the effect of the letters has limited or no relevance, as the primary effect of the letters appears to have been New GM's decision to retain outside counsel to investigate the contents of the letters.) In any event, any limited probative value of the letters is substantially outweighed by the dangers of unfair prejudice, wasting time, and juror confusion, as jurors might — even with limiting instructions — treat the unsubstantiated and anonymous allegations in the letters as true and New GM would be entitled to address the contents of the letters and to prove what it did to investigate them (potentially by introducing the two lawyer reports). In short, even Plaintiff's proposed limited use of the anonymous letters runs afoul of Rules 401, 402, and 403 of the Federal Rules of Evidence. Accordingly, New GM's Nineteenth Motion *in Limine* is GRANTED.[1]

---

[1] Pursuant to a prior Order, New GM submitted copies of the anonymous letters and lawyer reports to the Court for its *in camera* review. Given the Court's ruling, the limited role

New GM's Sixteenth Motion *in Limine* sought categorically to preclude evidence and argument concerning ignition switches other than the Delta Switch, the type of ignition switch at issue in this case. (*See* Mem. Law Supp. New GM's Mot. *In Limine* No. 16 (Docket No. 1640) 8). In opposing the motion, Plaintiff argued, among other things, that "[e]very recall, Delta and non-Delta alike, was made to address the same critical safety defect and used virtually identical language to describe it — the ignition switch may unintentionally move away from the run position." (Pl.'s Response Opp'n New GM's Mot. *In Limine* No. 16 (Docket No. 1721) 3). More specifically, Plaintiff indicated that "the recall applicable to [his] vehicle . . . itself included a recall of non-Delta switches." (*Id.*). An accompanying chart underscored the point, indicating that the first recall — to which Plaintiff's car was subject — "included" two "switches" and involved two "ignition switch platforms": Delta and Kappa. (*Id.*, Ex. A, at 1). Accepting Plaintiff's representation that the "Kappa Switch" was different from the Delta Switch — a representation that New GM not only failed to dispute, but actually reinforced (*see* Reply Mem. Supp. New GM's Mot. *In Limine* No. 16 (Docket No. 1778) ("New GM's Sixteenth Reply") 1 ("Non-Delta ignition switches include *Kappa* . . . . (emphasis added)); *id.* at 5 n.7 (noting that Plaintiff's expert "does not discuss the *Kappa* . . . ignition switches" (emphasis added)) — the Court denied New GM's motion on the ground that the company itself had "treated the Delta

---

that the documents themselves played in that ruling, and the fact that the letters contain unsubstantiated and anonymous accusations with respect to third parties, the documents will remain under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006); *see also, e.g., Saleem v. Corp. Transp. Grp., Ltd.*, No. 12-CV-8450 (JMF), 2013 WL 6061340, at *8 (S.D.N.Y. Nov. 15, 2013) (allowing documents to remain under seal after applying the *Logusch* factors). For the sake of the record, New GM shall promptly provide them to the Court's Sealed Records Department.

Switch and at least some other ignition switches — at a minimum, the Kappa Switch — as 'the same.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 8270427, at *2..

As it turns out, and as the parties now appear to agree, "Delta and Kappa are vehicle platforms, . . . not official designations for the ignition switch or any other vehicle part. In other words, the 'Delta Ignition Switch' (sometimes referred to as the 'Delta/Kappa Ignition Switch') is the same as the 'Kappa Ignition Switch' and has been used as a reference for the ignition switch used in both the Delta platform and the Kappa platform vehicles, all of which were" subject to the first recall. (New GM's Dec. 23, 2015 Ltr. (Docket No. 1964) 2; *see also* Pl.'s Dec. 23, 2015 Ltr. (Docket No. 1963) 1 ("Plaintiffs [sic] do not oppose the entry of an order clarifying that 'Delta' and 'Kappa' refer to vehicle platforms.")). Accordingly, to the extent that the Court's prior Opinion indicated that the "Delta Switch" and the "Kappa Switch" were different switches, it was in error.[2] Nevertheless, New GM did not, and does not now, move for reconsideration (New GM's Dec. 23, 2015 Ltr. 3), tacitly conceding that the Court's broader point — that the company itself treated different switches similarly enough to make "some evidence concerning other ignition switches . . . relevant to Plaintiff's claims," *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 8270427, at *2 — remains valid. Accordingly, the Court adheres to its prior ruling denying New GM's request for "an across-the-board ruling excluding evidence of all ignition switches other than the Delta Switch," and allowing New GM to object to specific evidence at trial — "for example, on the ground that there is an insufficient factual

---

[2] New GM expresses "regret[] that its reply brief did not point out and make clear that the Delta Ignition Switch and the Kappa Ignition Switch are the same design." (New GM's Dec. 23, 2015 Ltr. 1 n.2). That is something of an understatement. As noted above, New GM did more than fail to "point out" that the two switches are the same design; it expressly indicated that the "Kappa" switches were "[n]on-Delta ignition switches." (New GM's Sixteenth Reply 1).

basis to conclude that a particular switch is the same or similar to the Delta Switch or on the grounds of cumulativeness or waste of time." *Id.*

For the reasons stated above, New GM's Nineteenth Motion *in Limine* is GRANTED and, although the Court corrects the factual record underlying its denial of New GM's Sixteenth Motion *in Limine*, it adheres to its earlier ruling on that motion.  The Clerk of Court is directed to terminate 14-MD-2543, Docket No. 1805.


SO ORDERED.

Dated: December 29, 2015
       New York, New York
                                                       _____
                                                              JESSE M. FURMAN
                                                           United States District Judge