```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION          14-MD-2543 (JMF)

This Document Relates To:                              MEMORANDUM OPINION
Fleck, et al. v. General Motors LLC, 14-CV-8176             AND ORDER
----------------------------------------------------------------------------x
```

JESSE M. FURMAN, United States District Judge:

The first bellwether trial in this multidistrict litigation ("MDL"), brought by Plaintiff Robert S. Scheuer and familiarity with which is presumed, is scheduled to begin on January 11, 2016.  (*See* Docket No. 1694).  On December 21, 2015, New GM moved to strike portions of the affidavit and to exclude certain trial testimony of Dr. John Marouk.  (Docket No. 1933).  In particular, New GM moves to preclude Dr. Marouk from opining that Plaintiff's injuries were caused or exacerbated by airbag non-deployment.  (*See* Mem. Law Supp. Mot. To Strike Aff. John Marouk (Docket No. 1934) ("New GM's Mem.") 1-2).  Upon review of the parties' submissions (*see* Docket Nos. 1934, 1975, 1984), New GM's motion is GRANTED substantially for the reasons stated by New GM in its reply brief (*see* New GM's Reply Mem. Law Supp Mot. To Strike Aff. John Marouk (Docket No. 1984) ("New GM's Reply")).

It is well established that a treating physician is not required to submit an expert report pursuant to Rule 26(a)(2)(b) of the Federal Rules of Civil Procedure in order to testify "based on the physician's personal knowledge acquired from the examination, diagnosis, and treatment of the patient."  *Roman v. Sprint Nextel Corp.*, No. 12-CV-276 (VEC), 2014 WL 5026093, at *10 (S.D.N.Y. Sept. 24, 2014).  But "[i]n the absence of an expert report . . . the testimony of [a] treating physician[] will be limited to opinions actually formed during the course of treat[ment]."  *Williams v. Regus Mgmt. Grp.*, LLC, No. 10-CV-8987 (JMF), 2012 WL 1711378, at *3

(S.D.N.Y. May 11, 2012).  Here, Dr. Marouk's affidavit makes clear that his airbag non-deployment opinions are based on knowledge developed "[t]hrough medical school, residency, internship and years of practice on hundreds of patients involved in motor vehicle accidents." (New GM's Mem Ex. 1 ("Marouk Aff."), at 2).  Furthermore, Dr. Marouk's affidavit, Plaintiff's briefing, and Plaintiff's medical records are devoid of any indication that Dr. Marouk applied his expertise to form his airbag non-deployment opinions *during the course of treatment*.  (*See* Pl.'s Mem. Law Opp'n New GM's Mot. To Strike Aff. John Marouk (Docket No. 1975); New GM's Reply 2-3; *cf.* Marouk Aff. 2 (explaining that Dr. Marouk's *other* opinions were based on Plaintiff's medical history and his "examination of [Plaintiff] . . . especially [his] review of the diagnostic test results")).  Given that and the timing of Dr. Marouk's affidavit (which was submitted in opposition to New GM's motion for summary judgment (Decl. Robert C. Hilliard Supp. Pl.'s Mem. Law Opp'n New GM's Mot. Summ. J (Docket No. 1882) Ex. 47)), it seems plain that Dr. Marouk's heretofore unmentioned airbag non-deployment opinions were formed during the course of (and solely for the purposes of) this litigation.  That sort of post-hoc opinion — based primarily on a doctor's general expertise and experience — does not receive the special treatment afforded opinions developed during the course of treatment and therefore may not be allowed at trial absent submission of an expert report.  Plaintiff did not submit an expert report for Dr. Marouk, and it is too late in the day to rectify that deficiency.

In sum, New GM's motion to strike the airbag non-deployment opinions contained in Dr. Marouk's affidavit (namely, the final two paragraphs of the affidavit) and to exclude him from testifying about those opinions at trial is GRANTED.  To be clear, that does not preclude Dr. Marouk from testifying at trial altogether — or from testifying as to opinions that he formed during the course of treating Plaintiff, including whether and to what extent Plaintiff's injuries

were caused by the car accident as a general matter (as opposed to, for example, any preexisting injury).  Finally, Plaintiff's motion to seal Exhibit 1 to his opposition brief (Docket No. 1976), which consists of confidential medical records, is hereby GRANTED.

The Clerk of Court is directed to terminate 14-MD-2543, Docket Nos. 1933 and 1976, and 14-CV-8176, Docket Nos. 267 and 291.

SO ORDERED.

Dated: January 4, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge