**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | 300 North LaSalle<br>Chicago, Illinois  60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

January 12, 2016

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    *In re: General Motors LLC Ignition Switch Litigation,* 14-MD-2543

Dear Judge Furman:

      GM LLC submits this letter to address the remaining disputes concerning plaintiff's first four witnesses whose testimony he will be presenting through video depositions:  Former GM LLC employees, Ray DeGiorgio, Brian Stouffer, and Doug Wachtel, and current GM LLC employee, Douglas Parks.   In particular, GM LLC addresses the following: (i) concerns raised in plaintiff's January 10, 2016 letter about the scope of counter-designations (Docket No. 2058); (ii) the bases for GM LLC's remaining objections to plaintiff's affirmative designations; and (iii) discrete remaining objections to two exhibits.  Aside from the issues addressed in this letter, all other issues have now been resolved.

1. **GM LLC's counter-designations are proper.**

      In his January 10th letter, plaintiff objected to the scope of GM LLC's counter-designations under Federal Rule of Civil Procedure 32(a). The parties have been able to work out most of the disputes concerning these designations.  In an effort to streamline the presentation of evidence and to resolve plaintiff's concerns, GM LLC has drastically reduced the number and length of its counter-designations. The current play time for the parties' respective video designations reflects a scope of counter-designations that is fully commensurate with and appropriate to the scope of plaintiff's affirmative designations:

| **Witness** | **Plaintiff's Designations** | **GM LLC's Designations** |
|---|---|---|
| DeGiorgio | 24 minutes | 19 minutes |
| Stouffer | 20 minutes | 18 minutes |
| Wachtel | 14 minutes | 6 minutes |
| Parks | 10 minutes | 46 minutes |

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
January 12, 2016
Page 2

Plaintiff nonetheless continues to object to certain counter-designations in the DeGiorgio and Parks depositions as improper.[1] The Court should reject this position and admit GM LLC's remaining counter-designations because those designations "in fairness should be considered with the part introduced." *See* Fed. R. Civ. P. 32(a)(6) ("If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts."); *see also Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 199 F.R.D. 487, 489 (E.D.N.Y. 2001) (counter-designations proper where "necessary to provide context, to place the admitted portion in context, to avoid misleading the jury, [and] to ensure fair and impartial understanding of the admitted portion.").[2]

For example, plaintiff objects to portions of GM LLC's counter-designations to the DeGiorgio deposition regarding Design Failure Mode and Effects Analyses ("DFMEAs"). But plaintiff's affirmative designations regarding DFMEAs are misleading without the additional context provided by GM LLC's counter-designations. Notably, plaintiff's affirmative designations do not even identify what the DFMEA acronym represents, yet object to GM LLC's counter-designated testimony that does. This alone would justify GM LLC's counter designated testimony, but of more concern is that plaintiff's affirmative designations are surgically crafted to leave the misleading impression that there was no DFMEA for the Delta ignition switch. GM LLC's counter-designations, however, cure this and avoid this erroneous impression.

Specifically, plaintiff designated the following testimony regarding DFMEAs, and GM LLC's counter-designated additional testimony contained within the same pages of the transcript where plaintiff counsel questioned the witness regarding DFMEAs:

| Plaintiff's Designations | GM LLC's Counter-Designations Necessary to Prevent Misleading the Jury |
|---|---|
| *DeGiorgio Dep. at 477:22-478-3*<br><br>Q. Are you aware of any DFMEA that General Motors performed?<br>A. No.<br>Q. Do you believe that it is prudent for an engineer to perform a DFMEA in the design process? | *DeGiorgio Dep. at 476:11-18*<br><br>Q. Did you do a DFMA --<br>A. Yeah.<br>Q. -- FMEA?<br>A. I have seen one.<br>Q. Did you perform one?<br>A. The DFMEAs are done in conjunction |

---

[1] There are no remaining issues on the counter-designations with respect to Stouffer or Wachtel.

[2] It also should be noted that GM LLC's counter-designations are overwhelmingly comprised of answers to questions posed by *plaintiff's* attorneys themselves during the deposition.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
January 12, 2016
Page 3

| | |
|---|---|
| A.     Yes. | with the supplier, and I seen something recently that there was a DFMEA made. |
| | *DeGiorgio Dep. at 477:10-22*<br><br>Q.     Did you have access to other engineers if you wanted them?<br>A.     If I wanted them, I believe there are engineers with specialties, the FMEAs, yes.<br>Q.     Sure. And that's a design failure mode effect analysis?<br>A.     Correct.<br>Q.     And you've seen some of those?<br>A.     I seen one for the ignition switch that Delphi performed, yes.<br>Q.     Delphi performed it, and you saw it recently?<br>A.     Recently I seen documents, and one of the documents was a DFMEA, yes. |

Additionally, GM LLC has counter-designated testimony regarding Mr. DeGiorgio's discussions with Delphi (DeGiorgio Dep. at 311:12-22; 314:22-317:19; 318:23-319:7; 372:21-375:19). During the parties' meet-and-confer, plaintiff informed GM LLC that it viewed this designation as a broad "Delphi defense," but it is plaintiff's own designations that necessitate inclusion of this testimony for fairness and completeness. Specifically, plaintiff has designated testimony that discusses whether any GM employee could have contacted Delphi to obtain information about possible changes to the Delta ignition switch and leaves the impression that Delphi was never contacted. (*Id.* at 310:4-311:11). As GM LLC's counter-designations make clear, Mr. DeGiorgio did contact Delphi during the investigation about those changes, and such testimony is therefore necessary for fairness to avoid any misimpression. This would also address GM LLC's objection to the related affirmative testimony as misleading and prejudicial.

As a further example, plaintiff has also objected to counter-designated DeGiorgio testimony where he discusses whether he believes he made mistakes and whether he has any responsibility for the issues based on his role as Design Release Engineer. Immediately following this testimony, plaintiff has affirmatively designated other testimony that discusses whether others made mistakes and whether there was any problem with the system. New GM's counter designated testimony therefore is necessary and fair because it completes the testimony

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
January 12, 2016
Page 4

about DeGiorgio's views and the designations would provide a partial and misleading perspective without it.

GM LLC's remaining DeGiorgio counter-designations are similarly appropriate—as are those for Parks. (*See* Exhibit A, which shows all of plaintiff's affirmative designations in red text, all GM LLC's counter-designations in blue text, and the counter-designations to which plaintiff objects as improper are highlighted in yellow.).

Moreover, plaintiff's reading of the fairness rule is too narrow. Rule 32(a)(6) provides that "[if a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce *any other parts*." (emphasis added). Plaintiff's suggestion that "any other parts" must be played separately in GM LLC's case should likewise be rejected. This mode of presentation of the evidence is consistent with the Court's Individual Rules and Practices for Trials, which provides: "If both sides intend to call a particular witness, the parties shall confer in an effort to ensure that the witness does not need to be called twice. Where a defense witness is called by the plaintiff (or a rebuttal witness is called by a defendant), the Court will allow counsel to go beyond the scope of the direct examination on cross-examination to avoid the need for the witness to be recalled." Because the Court has the authority to exercise "reasonable control over the mode and order of examining witnesses and presenting evidence," so as to "make those procedures effective for determining the truth," and "avoid wasting time," we ask the Court to allow the testimony of each deponent to be played immediately after plaintiff's designated testimony. Fed. R. Evid. 611(a). Doing so would allow the jury to place plaintiff's admitted portions of the deposition in context and ensure the fair and impartial understanding of the excerpted testimony.

**2.     The Court should sustain GM LLC's remaining objections to the DeGiorgio and Parks depositions.**

As with the counter-designation dispute, the parties have been able to resolve the majority of GM LLC's objections to plaintiff's affirmative designations from the four witnesses. GM LLC, however, brings the few remaining disputes for the Court's resolution. (*See* Exhibit B, which shows the remaining objections to plaintiff's designations of DeGiorgio and Parks). Most significantly, plaintiff has refused to withdraw designations of portions of DeGiorgio's deposition testimony regarding his deposition errata sheet in *Melton I* litigation. This precise area of testimony and evidence falls squarely within the Court's prior rulings regarding GM LLC's Ninth and Tenth Motions *in Limine* and should be excluded. (*See* Docket No. 1791 at 5-10.) For example, plaintiff has designated the following exchange

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
January 12, 2016
Page 5

>   Q.   And when you signed the declaration [for the deposition in the *Melton* litigation] a couple of weeks after that, you still knew that your testimony of being no design changes wasn't true?
>   A.   Yes.
>   Q.   Did you want to correct that mistaken -- or the misstatements?
>   A.   Yes, but the instructions I was given was to -- not to change the content of the testimony, simply change the typos, errors, that kind of things.
>   Q.   Who gave you those instructions?
>   A.   They came -- they came from Phil Holladay.
>   Q.   And that was a lawyer?
>   A.   Yes.[3]

Furthermore, the entirety of plaintiff's designated testimony regarding *Melton* litigation disputes violates the Court's Order regarding New GM's Motion *in Limine* No. 10.[4] Plaintiff improperly attempts to introduce "evidence and argument relating to the discovery disputes and alleged litigation misconduct in *Melton*. (Docket No. 1791 at 8.) The result of introducing this testimony would be a sideshow, "as New GM's conduct in the *Melton* litigation is hardly central to the issues in this case." (*Id.*) Indeed, it highly unlikely that most of the jurors would even know what an errata sheet is.

### 3.     Remaining exhibit disputes

Finally, the parties have resolved all issues with respect to the exhibits offered in connection with these witnesses with two discrete exceptions. GM LLC objects to the following pages of Px Exhibits 136 and 596 (attached hereto as Exhibits C and D) because they are irrelevant and unduly prejudicial: Exhibit 136-- pages 0136-022-026, 035, and 051; Exhibit 596 -- pages 3, 4, 8-13, 16, 17. There are no other disputes with respect to these exhibits.

---

[3] DeGiorgio Dep. at 490:9-20; 491:2-8.

[4] *See* DeGiorgio Dep. at 489:10-14, 17-20; 489:23-490:2; 490:5-11, 15-20; 491:2-6; 492:10-22. New GM objects to this testimony in its entirety based on Motions *in Limine* 9 and 10.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
January 12, 2016
Page 6

                                                Respectfully submitted,

                                                /s/ Richard C. Godfrey, P.C.
                                                /s/ Andrew B. Bloomer, P.C.

                                                *Counsel for Defendant General Motors LLC*

cc:  MDL Counsel of Record