UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Fleck, et al. v. General Motors LLC, 14-CV-8176*
------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

**[Regarding Plaintiff's First and Second Motions *in Limine*]**

The next bellwether trial in this multidistrict litigation ("MDL"), brought by Plaintiff Stephanie Cockram and familiarity with which is presumed, is scheduled to begin on September 12, 2016. (*See* Order No. 100, Docket No. 2836). Currently pending are several motions *in limine* filed by both parties. The Court here addresses two: Plaintiff's Motions *in Limine* Nos. 1 and 2 — which seek to preclude evidence regarding collateral source benefits and evidence regarding Plaintiff's seatbelt use at the time of her accident, respectively. For the reasons explained below, both motions are GRANTED in part and DENIED in part.[1]

## DISCUSSION

District courts have discretion to determine evidentiary issues presented in motions *in limine* in advance of trial. *See, e.g.*, *United States v. Dupree*, 706 F.3d 131, 135 (2d Cir. 2013); *Henry v. Wyeth Pharm.*, 616 F.3d 134, 149 (2d Cir. 2010). Under Rule 402 of the Federal Rules of Evidence, "relevant" evidence is admissible unless prohibited by rule, statute, or constitutional

---

[1] New GM requested permission to file a sur-reply with respect to Plaintiff's second motion *in limine*. (*See* Docket No. 3025). That request is GRANTED.

provision.  *See* Fed. R. Evid. 402.  Pursuant to Rule 401, evidence is relevant if it "has any tendency to make a [consequential] fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Finally, to the extent relevant here, Rule 403 prevents the admission of otherwise relevant evidence whose "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  A district court's balancing under Rule 403 will not be overturned unless "there is a clear showing of abuse of discretion or that the decision was arbitrary or irrational."  *United States v. Bermudez*, 529 F.3d 158, 161-62 (2d Cir. 2008) (internal quotation marks omitted).

### A.  Plaintiff's Motion *in Limine* No. 1

Plaintiff's first motion *in limine* seeks "to exclude at trial evidence or argument regarding any collateral-source benefits, payments, or income that she received as a result of" the accident implicated in this suit.  (Pl.'s Mem. Law Supp. Mot. *in Limine* No. 1 (Docket No. 2875) 1).  New GM concedes that Virginia law governs and that such law does not allow the recovering party's damages to be reduced by recovery from a collateral source.  (*See* New GM's Mem. Law Opp'n Pl.'s Motion *in Limine* No. 1 (Docket No. 2923) ("New GM's First Opp'n") 1).  New GM objects, however, to Plaintiff's request to limit the introduction of collateral source evidence for *any* purpose, arguing that such evidence could be introduced for purposes such as impeachment or rebuttal.  (*See id.* 1-2).

There are certainly some reasons to believe that Virginia law (unlike Oklahoma law, which applied in the first bellwether case, *see In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 7455569, at *1-2 (S.D.N.Y. Nov. 23, 2015)) precludes the use of collateral source benefits for any purpose.  *See, e.g.*, Va. Code Ann. § 8.01-35 ("In any suit

brought for personal injury or death, provable damages for loss of income due to such injury or death shall not be diminished because of reimbursement of income to the plaintiff or decedent from any other source, *nor shall the fact of any such reimbursement be admitted into evidence*." (emphasis added)); *Bullard v. Alfonso*, 595 S.E.2d 284, 287 (Va. 2004) (stating that "evidence of the employee's loss of income is admissible in evidence at trial and that, under Code § 8.01-35, the fact of any reimbursement to the employee by the employer shall not be admitted into evidence"); *see also* Virginia Model Jury Instructions § 9.015 ("The presence or absence of insurance or benefits of any type, whether liability insurance, health insurance, or employment-related benefits . . . *is not to be considered by you in any way* in deciding the issue of liability or, if you find your verdict for the plaintiff, in considering the issue of damages. *The existence or lack of insurance or benefits shall not enter into your discussions or deliberations in any way in deciding the issues in this case*." (emphasis added)). At the same time, the parties have not cited (and the Court has not found) any Virginia authority holding squarely one way or another whether collateral source evidence is inadmissible for purposes of rebuttal or impeachment.

For reasons of comity, this Court ought not rule on what may be an unsettled issue of Virginia state law unless and until it has to do so. *Cf. Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 329 (2d Cir. 2005) ("In addressing unsettled areas of state law, we are mindful that our role as a federal court sitting in diversity is not to adopt innovative theories that may distort established state law." (internal quotation marks omitted)). And the Court need not do so now, as it is not clear that New GM intends to introduce collateral source evidence at trial for any purpose. (*See* New GM's First Opp'n 3). Accordingly, as it did in the first bellwether trial (albeit for slightly different reasons), the Court "will . . . reserve ruling until the issue is ripe at trial . . . on whether New GM may introduce evidence of collateral source evidence for

impeachment or rebuttal." *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 7455569, at *2.  If appropriate, New GM "shall inform the Court and Plaintiff, outside the presence of the jury, of its intention to introduce collateral source evidence for one of these purposes," at which point the Court will decide the issue.  *Id.*  As stated above, however, evidence of collateral source benefits may not be introduced for any other purpose, such as to reduce any damages award.  Accordingly, Plaintiff's First Motion *in Limine* is GRANTED in part and DENIED in part without prejudice to renewal in the event that New GM seeks to introduce collateral source evidence at trial for a purpose such as impeachment or rebuttal.

**B. Plaintiff's Motion *in Limine* No. 2**

Plaintiffs' second motion *in limine* asks the Court "to exclude at trial evidence or argument suggesting that Plaintiff failed to use her seatbelt during her car accident on June 28, 2011."  (Pl.'s Mem Law Sup. Mot. *In Limine* No. 2 (Docket No. 2887) ("Pl.'s Second Mem.") 1).  Plaintiff relies on two provisions of the Virginia Code: Section 46.2-1092, which provides in relevant part that "[f]ailure to use the safety lap belts" shall neither "be deemed to be negligence" nor "shall evidence of such nonuse of such devices be considered in mitigation of damages of whatever nature," and Section 46.2-1094(D), which provides that "[a] violation of this section [requiring drivers 18 years and older to wear a seatbelt] shall not constitute negligence, be considered in mitigation of damages of whatever nature, be admissible in evidence, or be the subject of comment by counsel in any action for the recovery of damages arising out of the operation, ownership, or maintenance of a motor vehicle, nor shall anything in this section change any existing law, rule, or procedure pertaining to any such civil action."  Notably, however, Plaintiff's argument morphed between her initial brief and her reply brief; while she initially allowed that "evidence of non-seatbelt use may be 'theoretically admissible'" for

purposes other than contributory negligence and mitigation of damages (Pl.'s Second Mem. 1-2), she now argues that Section 46.2-1094(D) bars introduction of seatbelt non-use for any purpose (Pl.'s Reply Mem. Law Supp. Mot. *in Limine* No. 2 (Docket No. 3010) ("Pl.'s Second Reply") 2-4).  New GM concedes that evidence of seatbelt non-use is inadmissible to prove contributory negligence and mitigation of damages pursuant to Section 46.2-1092, but argues that it may potentially introduce evidence of seatbelt non-use for other purposes — including impeachment, as evidence of the safety features in Plaintiff's car, and to rebut any allegation that Plaintiff's seatbelt pretensioners should have but did not deploy during the accident.  (*See* General Motor LLC's Mem. Law Opp'n Pl.'s Mot. *in Limine* No. 2 (Docket No. 2946) ("New GM's Second Opp'n") 1-2).  The Court agrees with New GM.

Courts applying Virginia law have routinely held that evidence of seatbelt non-use can be admissible for some purposes.  *See, e.g.*, *Tunnell v. Ford Motor Co.*, No. 03-CV-0074, 2005 WL 3776353, at *3 (W.D. Va. Apr. 18, 2005) ("[U]nder current case law, the Virginia statutes do not prevent the presentation of non-seatbelt use evidence for issues such as negligent design and manufacture, breach of warranty, and product misuse." (internal quotation marks omitted)); *Brown v. Ford Motor Co.*, 67 F. Supp. 2d 581, 586 (E.D. Va. 1999) (holding that evidence of seatbelt non-use could be admitted as relating to issues of negligent design and manufacture, breach of warranty, and product misuse), *aff'd* 10 F. App'x 39 (4th Cir. 2001).  As the Fourth Circuit explained, Section 46.2-1094(D) of the Virginia Code — which includes a broader prohibition on admissibility and argument than Section 46.2-1092 — "is most appropriately understood as forbidding only the admission into evidence or comment upon such an official determination that the section was violated, and at most as forbidding admission of or comment upon evidence that would be sufficient to establish all of the elements of a violation of the

section." *Brown*, 10 F. App'x at 42.  The only opinion Plaintiff cites to the contrary, *Campbell v. Wagner*, 75 Va. Cir. 203, 2008 Va. Cir. LEXIS 90 (Va. Cir. 2008), is unpersuasive, as it cites no relevant precedent and the evidence at issue appears to have been proffered in relation to argument about contributory negligence, a specific purpose that is foreclosed by both Section 46.2-1094(D) and Section 46.2-1092.  *See Campbell*, 2008 Va. Cir. LEXIS 90 ("I do not think this ruling [barring introduction of the seatbelt evidence] inhibits any argument of the defendant that the plaintiff was either contributorily negligent or assumed the risk.").

Accordingly, New GM may admit evidence of Plaintiff's alleged seatbelt non-use for a purpose other than proving contributory negligence or mitigation of damages, provided that it is not irrelevant or unduly prejudicial.[2]  Plaintiff argues that such evidence is both irrelevant and unduly prejudicial, contending that New GM offers the evidence for impermissible purposes and that introduction of the evidence would be unduly prejudicial in light of Virginia's policy choice to bar all evidence of seatbelt non-use.  (*See* Pl.'s Second Reply 4-6).  The Court has already rejected the latter argument.  As to relevance, New GM proffers several reasons for which seatbelt non-use would be relevant — including whether the seatbelt pretensioners in Plaintiff's car deployed, whether Plaintiff's car was dangerously defective, and whether Plaintiff misused the vehicle.  (*See* New GM's Second Opp'n 1-2).  *See Brown*, 67 F. Supp. 2d at 587 (permitting seatbelt non-use evidence to be admitted on issues of design and misuse, but prohibiting the

---

[2]   In light of that conclusion, the Court need not address the question of whether the third prong of Section 46.2-1094(D) is procedural or substantive (a determination that would affect whether it applies in this diversity case, *see, e.g.*, *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)), but notes that New GM cites a substantial number of cases in which courts in other jurisdictions have held that similar provisions were procedural and thus inapplicable in federal court, (*see* Gen. Motors LLC's Sur-Reply Pl.'s Mot. *in Limine* No. 2 (Docket No. 3025, Ex. A) 2-3 & n.1).

6

evidence from being admitted for the purpose of showing that the non-use exacerbated the plaintiff's injuries).  New GM may also use the evidence for impeachment purposes.  By contrast, New GM may not use the evidence to argue that Plaintiff was negligent or that her injuries would have been less severe had she been wearing her seatbelt.  The parties shall meet and confer and, no later than one week prior to trial, propose appropriate limiting instructions in the event that New GM does introduce evidence of seatbelt non-use at trial.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motions *in Limine* Nos. 1 and 2 are both GRANTED in part and DENIED in part.  Specifically, Plaintiff may move to exclude collateral source evidence should New GM seek to introduce it at trial for purposes of impeachment or rebuttal, but New GM may not introduce collateral source evidence for any other purpose; and New GM may introduce evidence of alleged seatbelt non-use for a relevant purpose — on issues such as negligent design and manufacture, product misuse, and whether the seatbelt pretensioners should have deployed — but not to show Plaintiff's negligence, to mitigate damages, or to show that Plaintiff's injuries would otherwise have been less severe.

The Clerk of Court is directed to terminate 14-MD-2543, Docket Nos. 2874 and 2886, and 14-CV-8176, Docket Nos. 388 and 390.

SO ORDERED.

Dated: July 21, 2016
       New York, New York

_____
JESSE M. FURMAN
United States District Judge