UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Fleck, et al. v. General Motors LLC, 14-CV-8176*
------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

**[Regarding the Parties' Categorical Objections to
Deposition Designations and Counter-Designations]**

The next bellwether trial in this multidistrict litigation ("MDL"), brought by Plaintiff Stephanie Cockram and familiarity with which is presumed, is scheduled to begin on September 12, 2016. Pursuant to Section 2(j) of Order No. 100 (Docket No. 2836), each party has raised "categorical" objections to the other's deposition designations and counter-designations. The Court will address each objection in turn.

**A. New GM's Objections**

    **1.    Overall Volume of Objections.** As an initial matter, New GM objects to the fact that Cockram has affirmatively designated approximately fifteen hours of deposition testimony (substantially more than the deposition testimony played by the plaintiffs in either of the first two bellwether trials), including certain testimony that the Court excluded from one or both of the first two bellwether trials. (Letter from New GM dated August 16, 2016 ("New GM Ltr.") (Docket No. 3231), at 1-3). The Court is inclined to agree with New GM that such a scope of designations is "contrary to this Court's admonishment that parties should avoid excessive

designations and 'minimize the issues' that the Court needs to resolve." (*Id.* at 3).[1] Nevertheless, in the Court's view, the remedy is not to direct Cockram to withdraw any designations at this point. (Among other things, New GM itself does not ask for that remedy as it has already spent the time to respond to the designations.) Instead, the remedy is to strictly enforce the overall time limit against Cockram and to entertain a sanctions motion from New GM for any time it spends or spent considering depositions that Cockram does not end up playing at trial.[2] That said, the Court will not permit Cockram to play any testimony that was excluded from *both* earlier bellwether trials unless she makes a showing of good cause. The parties shall clearly mark any such testimony in the deposition materials submitted to the Court.

    **2.**    **Deposition Designations from *Melton*.** Next, New GM objects to Cockram's designation of four depositions taken in the *Melton* litigation on the ground that they are cumulative of those witnesses' depositions taken as part of the MDL. (*Id.* at 3-5). Given that the same four witnesses were deposed as part of the MDL (and with the benefit of their prior testimony in *Melton*), and that Cockram has apparently designated portions of those depositions to be played at trial, the Court is inclined to agree. Accordingly, Cockram may not play any *Melton* depositions unless she can show good cause for doing so.

---

[1]    Among other things, the jury is likely to die of boredom if it is compelled to sit through fifteen hours of depositions played by Cockram plus whatever New GM elects to play and each side's counter-designations — a result that is not in the interest of either party and certainly not in the interest of the party with the burden of proof. In that regard, the Court reminds the parties that it was compelled to dismiss *two* jurors for falling asleep during the second bellwether trial.

[2]    The Court will establish the parties' time limits at the final pretrial conference on September 7, 2016, and cautions that it may not grant them the amount of time they request in the Joint Pretrial Order (which exceeds the amount of time allocated even in the first bellwether trial). As for sanctions, the Court will not impose sanctions for any deposition designations withdrawn by Cockram within three days of this Order, which gives her a window of time to freely withdraw designations that she does not expect in good faith to play at trial.

3. **Improper Counter-Designations.** Finally, New GM objects to Cockram's counter-designations for thirteen witnesses on the ground that they are "overly broad and improper." (*Id.* at 5-6). The Court is unable to evaluate that objection in the abstract. Accordingly, the Court overrules the objection without prejudice to renewal of objections to specific counter-designations on the ground that they fail to comply with Rule 106 of the Federal Rules of Evidence and Rule 32(a)(6) of the Federal Rules of Civil Procedure.[3] If the Court determines that Cockram's counter-designations were not made in good faith, it will again entertain a motion for sanctions from New GM.[4]

B. **Cockram's Objections**

1. **Mary Barra's Testimony.** Cockram's first request — that the Court compel New GM to call as a live witness its Chief Executive Officer, Mary Barra (Cockram's Ltr. 1-2) — is denied substantially for the reasons stated in New GM's responsive letter. (Letter from New GM dated August 19, 2016 (Docket No. 3265), at 1-2). That said, the Court urges New GM to reconsider its tactical decision not to call any of its fact witnesses live at trial, given the well-established (and sensible, *see supra* note 1) preference for live testimony over deposition testimony. *See, e.g.*, Fed. R. Civ. P. 43(a).

---

[3] The Court observes, however, that Cockram appears to misunderstand the Court's direction that "New GM's 'counter-designations should be played along with Plaintiff's designations, even if they arguably go beyond the scope of the latter.'" (Letter from Stephanie Cockram dated August 16, 2016 ("Cockram's Ltr.") (Docket No. 3233), at 5). That direction is an extension of the Court's rule that, absent good cause, witnesses called by *both* parties should testify only once. If New GM calls a witness as part of its case that Cockram did not call as part of her case-in-chief, her counter-designations would be limited to what in fairness should be considered with New GM's designations. *See* Fed. R. Evid. 106; Fed. R. Civ. P. 32(a)(6).

[4] Again, the Court will not impose sanctions relating to any counter-designations that are withdrawn by Cockram within three days from the date of this Order.

**2. Testimony from Delphi Witnesses.**  Finally, Cockram asks the Court to prohibit New GM from playing the deposition testimony of certain Delphi witnesses, on the ground that it is "confusing, irrelevant, and contradicts the Statement of Facts."  (Docket No. 3233, at 2-4).[5]  The Court declines to do so on a categorical basis as it cannot say based on the current record that the testimony is irrelevant or that its probative value is substantially outweighed by the danger of confusion, but it will consider any relevance or confusion objections to specific designations in the normal course.  The Court notes that, as a general matter, it does not view the alleged contradiction of New GM's admissions in the Statement of Facts as a basis for exclusion.  If New GM introduces evidence that contradicts its admissions in the Statement of Facts, it does so at its own peril (namely, the peril of Cockram impeaching its evidence in front of the jury and the U.S. Attorney's Office's remedies for violation of the deferred prosecution agreement).

\*     \*     \*     \*

Per Section 2(j) of Order No. 100, any remaining deposition designation disputes shall be submitted to the Court **no later than August 30, 2016**.

SO ORDERED.

Date: August 24, 2016  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge

---

[5] Cockram objects to the deposition testimony of George Lin on a slightly different basis: that he disclaimed any recollection "of torque issues with the Delta ignition switch."  (Docket. No. 3233, at 4-5).  A review of Lin's deposition, however, makes plain that he was personally involved with the design of the switch and that he recalls quite a bit about the switch and his interactions with Old GM.  For the most part, deficiencies in his recollection go to the weight rather than the admissibility of his testimony, but the Court will consider any objections to specific testimony in the normal course.