```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:
                                                           14-MD-2543 (JMF)
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION              14-MC-2543 (JMF)

This Document Relates To:                                  MEMORANDUM OPINION
Fleck, et al. v. General Motors LLC, 14-CV-8176                 AND ORDER
------------------------------------------------------------------------x
```

JESSE M. FURMAN, United States District Judge:

**[Regarding the Collateral Estoppel Effect of the Second Circuit's Opinion in *In re Motors Liquidation Co*.]**

The next bellwether trial in this multidistrict litigation ("MDL"), brought by Plaintiff Stephanie Cockram and familiarity with which is presumed, is scheduled to begin on September 12, 2016.  A little more than one month ago, the United States Court of Appeals for the Second Circuit issued an opinion resolving various related appeals from orders entered by the United States Bankruptcy Court for the Southern District of New York.  *See In re Motors Liquidation Co.*, — F.3d —, 2016 WL 3766237 (2d Cir. July 13, 2016) ("*2d Cir. Bankr. Op.*").  To the extent relevant here, the Second Circuit affirmed, on review for clear error, a factual finding made by the Bankruptcy Court that Old GM knew or should have known of the ignition switch defect in May 2009 (and therefore should have given individualized notice of its bankruptcy to potential claimants affected by the defect).  *See 2d Cir. Bankr. Op.*, 2016 WL 3766237, at *16-17; *see also In re Motors Liquidation Co.*, 529 B.R. 510, 556-60 (Bankr. S.D.N.Y. 2015) ("*Bankruptcy Ct. Op.*").  Cockram now seeks to apply collateral estoppel against New GM on the basis of the Second Circuit's decision — that is, to preclude New GM from re-litigating whether Old GM knew or should have known of the ignition switch defect by May 2009.  Upon review of the parties' submissions (*see* Pl.'s Mem. Law Regarding Application of Collateral Estoppel (Docket

No. 3214) ("Pl.'s Mem."); Def. Gen. Motors LLC's Mem. Law Regarding Collateral Estoppel (Docket No. 3216, Ex. 1) ("New GM's Mem.")); Pl.'s Reply Supp. Mem. Law Regarding Application Collateral Estoppel (Docket No. 3250) ("Pl.'s Reply"); New GM's Reply Brief Regarding Collateral Estoppel (Docket No. 3251), Cockram's request is DENIED.

As an initial matter, Cockram's request to apply collateral estoppel is arguably not even ripe. "[T]he law 'is clear that res judicata and collateral estoppel do not apply if a party moves the rendering court in the same proceeding to correct or modify its judgment.'" *Algonquin Power Income Fund v. Christine Falls of New York, Inc.*, 362 F. App'x 151, 154 (2d Cir. 2010) (summary order) (quoting *Arizona v. California*, 460 U.S. 605, 619 (1983)).  New GM has done just that here; its petition to the Second Circuit for panel rehearing or rehearing *en banc* is presently pending.  The authorities cited by Cockram in arguing the contrary (Pl.'s Mem. 1-2) all stand for the rule that "the preclusive effects of a lower court judgment cannot be suspended simply by taking *an appeal* that remains undecided."  18 Wright & Miller, *Fed. Prac. & Proc.* (2d ed.) § 4433 (emphasis added).  New GM, however, has not appealed a "lower court judgment," *id.*, but "move[d] the rendering court in the same proceeding to correct or modify its judgment," *Algonquin*, 362 F. App'x at 154.  Were Cockram seeking to apply collateral estoppel on the basis of the *Bankruptcy Court's* ruling, the rule she cites might control, but Cockram disavows she is doing so (in some respects, understandably, in light of the circumstances discussed below).

Even if the issue were ripe, however, collateral estoppel is not warranted under the circumstances.  As noted, Cockram principally (if not exclusively) seeks to apply collateral estoppel to "the conclusions made on appeal," not to the Bankruptcy Court's factual findings. (Pl.'s Reply 4).  As New GM rightly notes (New GM's Mem. 6 n.6), however, Old GM's

knowledge is a factual issue and, "[a]s an appellate court," the Second Circuit does "not engage in fact-finding." *Gross v. Rell*, 585 F.3d 72, 75 n.1 (2d Cir. 2009); *see 2d Cir. Bankr. Op.*, 2016 WL 3766237, at *14 (noting that "if the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that *had it been sitting as the trier of fact*, it would have weighed the evidence differently") (internal quotation marks omitted) (emphasis added).  Indeed, the Second Circuit merely found "no *clear error* in the *bankruptcy court*'s finding that Old GM knew or should have known with reasonable diligence about the defect." *2d Cir. Bankr. Op.*, 2016 WL 3766237, at *17 (emphasis added).  In other words, the only thing "full[y] and fair[ly]" litigated and "necessary to" the Second Circuit's decision regarding New GM's knowledge was whether the bankruptcy court's finding was clearly erroneous.  *Westchester v. U.S. Dep't of Hous. & Urban Dev.*, 778 F.3d 412, 417 (2d Cir. 2015).  Under that clear error standard, the burden was on *New GM* to impress upon the appellate panel "the definite and firm conviction that a mistake has been committed." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (internal quotation mark omitted); *see also 2d Cir. Bankr. Op.* 2016 WL 3766237, at *14 (noting that the Second Circuit's "clear error standard is a deferential one").  Such deferential appellate review of a bankruptcy court's factual finding — standing on its own — provides no basis to relieve plaintiffs in this MDL of the burden of proving by a preponderance of the evidence (if not clear and convincing evidence) that Old GM knew or should have known of the defect in May 2009.  *See* Restatement (Second) of Judgments § 28(4) (1982) (collateral estoppel does not apply where "the party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted

to his adversary; or the adversary has a significantly heavier burden than he had in the first action").

Nor is there any basis to give preclusive effect to the Bankruptcy Court's own factual findings. First and foremost, the Bankruptcy Court expressly stated that its "findings of fact" in the decision at issue "shall apply *only* for the purpose of this Court's resolution of the Four Threshold Issues, *and shall have no force or applicability in any other legal proceeding or matter, including without limitation, MDL 2543*." (No. 09-50026 (REG), Docket No. 13177 ¶ 15(d) (emphases added). That would be enough on its own; indeed, Cockram herself concedes "that commentators generally suggest that 'courts should respect any explicit statement' by a first court to limit their judgment's preclusive effect." (Pl.'s Reply 3 (quoting Wright & Miller, *supra*, § 4424.1)). But there is more. To expedite its decision, the Bankruptcy Court "asked the parties to agree on stipulated facts," which they did hastily (in a matter of four weeks). *Bankruptcy Ct. Op.*, 529 B.R. at 529 n.17. The absence of facts litigated through discovery counsels further against preclusion. *See, e.g.*, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 n.15 (1979) (noting that application of offensive collateral estoppel may be inappropriate where "the defendant in the first action was . . . unable to engage in full scale discovery or call witnesses"); *SEC v. Monarch Funding Corp.*, 192 F.3d 295, 305 (2d Cir. 1999) (generally disapproving of precluding subsequent litigation of facts found at a criminal sentencing because "[u]nlike a civil litigant, a criminal defendant's opportunities to take discovery may be limited"); *Sprecher v. Graber*, 716 F.2d 968, 972 (2d Cir. 1983) (finding collateral estoppel inappropriate where discovery was not available in earlier proceeding). Finally, the stipulations themselves — by reserving each party's right to contest the stipulated facts "in any proceeding before the Bankruptcy Court, the Court in MDL 2543, any other court or tribunal, or otherwise" (No. 09-

50026 (REG), Docket No. 12826 at 2) — evinced the parties' clear intentions that litigation of the factual issues would *not* "be foreclosed in other litigation." Wright & Miller, *supra*, § 4443; *see also Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 146 (2d Cir. 2005) ("Most courts have held that a fact established in prior litigation by stipulation, rather than by judicial resolution, has not been 'actually litigated.'"); *In re Red Dot Scenic, Inc.*, 313 B.R. 181, 187-88 (Bankr. S.D.N.Y. 2004) (noting that stipulated facts are generally "not given issue-preclusive effect, as not having been actually litigated, unless the parties intended otherwise"). Indeed, to now upend the parties' settled expectations by denying New GM its (expressly reserved) right to challenge the facts to which it previously stipulated would not only be unfair, but would likely result in *less* judicial efficiency in the long run. *See* Restatement (Second) of Judgments § 27 cmt. e ("[I]f preclusive effect were given to issues not litigated, the result might serve to discourage compromise, to decrease the likelihood that the issues in an action would be narrowed by stipulation, and thus to intensify litigation.").

In short, Cockram's argument that the Court should give collateral estoppel effect to the Second Circuit's decision in *In re Motors Liquidation Co*. (or to the Bankruptcy Court's own factual findings) is rejected as either unripe or without merit.

SO ORDERED.

Date: August 24, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge

5